RECEIVED
JAN - 4 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES D. LUEDTKE | CIVIL ACTION NO. 1:15-2323 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| M D CARVAJAL | MAG. JUDGE PEREZ-MONTES |

## ORDER

Before the court are two motions filed by petitioner: (1) "Objection and Motion for Judge Substitution" (R. #8) and (2) "Objection and Motion for Judge Substitution." (R. #9)[1]

The first motion for judge substitution requests that United States District Court Judge D. Drell and United States Magistrate Judge James Kirk be recused from the instant lawsuit and that the lawsuit itself be reinstated. The second motion for judge substitution makes the following complaints; (1) that Judge Kirk illegally dismissed his lawsuit, (2) petitioner did not consent to a magistrate handling the *habeas corpus* petition, (3) a magistrate judge may not handle a *habeas corpus* petition, (4) Judge Kirk attempted to "strongarm" petitioner into signing Prison Litigation Reform Act forms, (5) Judge Kirk failed to recognize the financial affidavit filed by petitioner, (6) Judge Kirk "created" the requirement that petitioner file his petition on approved forms, (7) Judge Kirk failed to give petitioner notice to object, (8) Judges Drell and Kirk suspended *habeas corpus*, (9) Judge Kirk heightened the pleading standard by requiring the pleading to be submitted on approved forms, (10) Judge Kirk ignored petitioner's motion for appointment of counsel, (11) Judges Drell and Kirk are insane, radicalized government fanatics, who are crazed and as

---

[1] R. #9.

dangerous as ISIS and who have a personal war against pro se litigants, and (12) Judges Drell and Judge Kirk suffer from mental disease and defect.[2]

Petitioner seeks to have counsel appointed in this case and to have Judges Drell and Kirk recused from the case.

The court notes that on December 14, 2015, petitioner's lawsuit was reassigned to the undersigned for reasons other than what petitioner complains of in his motion. The court further notes that after petitioner filed this motion, Magistrate Judge Kirk retired from his position with the judiciary; consequently, this case will be reassigned to the new Magistrate Judge Perez-Montes.

With respect to plaintiff's request that the instant lawsuit be reinstated, the court has reviewed the record and finds the following: On September 2, 2015 petitioner filed his *habeas corpus* petition.[3] The petition was filed on unapproved forms making the petition deficient. On September 9, 2015, Magistrate Judge Kirk issued a Memorandum Order[4] wherein petitioner was informed that he had failed to submit the *habeas corpus* lawsuit on proper forms, and he failed to pay a $5.00 required filing fee or a completed application to proceed *in forma pauperis* on approved forms. Petitioner was granted thirty (30) days from the date of the order to amend his pleadings to comply with the court's procedures. He was further warned that failure to do so would result in the pleadings being stricken from the record. Additionally, the Magistrate Judge attached instructions as to how to properly file a petition for a writ of *habeas corpus* under 28

---

[2] R. #9.
[3] R. #1.
[4] R. #3.

2

U.S.C. § 2241 which included the proper form,[5] and also a form for the application to proceed *in forma pauperis*[6] with instructions.

Petitioner responded on September 22, 2015 noting that he had received the Magistrate Judge's Memorandum Order and forms, but complained that the Magistrate Judge had failed to rule upon petitioner's request for appointment of attorney. Petitioner further stated that he could not find any requirement for use of approved forms, and stated that his "handwritten 2241 should be good enough."[7] Petitioner concluded that the court must appoint counsel for his lawsuit and the court must accept his documents.[8]

On December 2, 2015, Magistrate Judge Kirk ordered that the petition be stricken from the record because petitioner failed to take the required action in accordance with the previously issued Memorandum Order.[9]

We find petitioner's request for Judges Drell and Kirk to be moot as neither of these judges will be presiding over petitioner's lawsuit. As to petitioner's request for appointment of counsel, the court finds that plaintiff has not only failed to follow the requisite procedures to file a *habeas corpus* petition, even if petitioner had complied with the procedures in filing his petition, petitioner has failed to establish that there are exceptional circumstances which warrant the appointment of counsel at this time. The presence of exceptional circumstances involves consideration of several factors: the type and complexity of the case, the indigent's

---

[5] R. #3-1.
[6] R. #3-2.
[7] R. #4, p. 2.
[8] Id. p. 4.
[9] R. #7.

3

ability to adequately investigate and present his claims, and the degree of skill necessary to present the case at trial.[10] Accordingly, the court will deny petitioner's request for appointment of counsel.[11]

**IT IS ORDERED** that both appeals of the magistrate decision are hereby **DENIED** in their entirety, and the undersigned hereby **AFFIRMS** Magistrate Judge Kirk's Order striking the instant petition for *habeas corpus* relief.

**THUS DONE AND SIGNED** in chambers on this 4th day of January, 2016.

JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[10] Jackson v. Dallas Police Dept., 811 F.2d 260, 261-62 (5th Cir. 1986); see also Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997).
[11] Archie v. Christian, 812 F.2d 250, 253 (5th Cir. 1987).